# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BREANNA S. MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-02645-SHL-tmp |
| ) | |
| STATE OF TENNESSEE, CITY OF ) | |
| MEMPHIS, CITY OF BARTLETT, ) | |
| TAMIKA T. MARTIN, and JACQULINE ) | |
| RUBIN, ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING COMPLAINT WITH PREJUDICE

Before the Court is Magistrate Judge Tu M. Pham's Report and Recommendation ("R&R"), filed October 27, 2025. (ECF No. 9.) In the R&R, Judge Pham recommends that the Court dismiss pro se Plaintiff Breanna Morris's complaint with prejudice for failure to state a claim for which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Morris did not file objections to the R&R.

The R&R asserts that, to the extent Morris alleges violations of 42 U.S.C. § 1983, her complaint fails as to all Defendants. (ECF No. 9 at PageID 26–32.) The R&R first concludes that Morris's § 1983 claim against the state of Tennessee fails because states do not constitute "persons" under § 1983. (ECF No. 9 at PageID 26 (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).) Thus, Morris's claim against the state of Tennessee must be dismissed.

The R&R further recommends that Morris's claims against the City of Memphis and City of Bartlett fail because she fails to allege facts that plausibly plead Monell claims in support of § 1983 municipal liability. (ECF No. 9 at PageID 27–28.) Specifically, Morris must plead

facts plausibly demonstrating that the City Defendants had unconstitutional "legislative enactments or official agency policies," unconstitutional actions taken by officials with final decision-making authority, policies of inadequate training or supervision, or a "custom of tolerance . . . of federal rights violations. (Id. at PageID 28–29 (quoting Franklin v. Franklin County, 115 F.4th 461, 470 (6th Cir. 2024).) However, no such facts were pled. Instead, she stated conclusions about Bartlett police impersonating other officers, the City Defendants' engagement in a conspiracy, and that Memphis Police "commit[ed] harassment, unlawful detainment, intimidation, and excessive force." (Id. at PageID 31 (citation modified).)

The R&R states that these conclusory statements do not plausibly allege a constitutional violation on the part of individuals. See, e.g., Brent v. Wayne Cnty. Dep't of Human Servs., 901 F.3d 656, 698 (6th Cir. 2018). Further, the R&R recommends that even a generous reading of Morris's allegations does not reveal any municipal custom that was the moving force behind the purported wrongdoing—Morris only states that a conspiracy was "preplanned." (ECF Nos. 1 at PageID 4; 9 at PageID 27, 30–31.) Morris states that she was "deceived into going into mental hospital," but does not tie this statement to her other factual allegations to explain who deceived her, when, or how. (ECF No. 9 at PageID 24.) Thus, the R&R concludes that Morris's allegations under § 1983 do not rise to the level of plausibility required by Federal Rule of Civil Procedure 8.

In addition, the R&R recommends that Morris's claims against Tamika Martin and Jacquline Rubin fail because Morris did not provide facts showing that either Martin or Rubin violated a federal right. (ECF No. 9 at PageID 31.) Even if she did, according to the R&R, her Complaint does not allege that either actor acted "under color of state law," which is required for liability under § 1983. (Id.)

Finally, the R&R recommends that Morris's purported <u>Bivens</u> action be dismissed because she has not brought any claims against any federal official, which is a requirement of such a claim. (ECF No. 9 at PageID 32.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); <u>see also</u> 28 U.S.C. § 636(b)(1) (2017). A district court reviews <u>de novo</u> only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Morris's deadline to object to the R&R was November 10, 2025, and no objections were filed. The Court has reviewed the R&R in its entirety for clear error and discerns none. The R&R properly describes Morris's failure to sufficiently allege § 1983 claims, and the Court agrees that the matter should be dismissed with prejudice. Therefore, the Court **ADOPTS** the R&R, and **DISMISSES** the Complaint **WITH PREJUDICE**.

**IT IS SO ORDERED,** this 1st day of December, 2025.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE